IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SHENZHEN LAIBO TECHNOLOGY CO.,LTD.; LIVING SKYLIGHT INC.; BOHUA HUAGAOLI ELECTRONICS TECHNOLOGY CO., LTD.; YAN'AN SHANGYE NETWORK TECHNOLOGY CO.,LTD.; SHENZHEN HTPOW ELECTRONIC COMMERCE CO., LTD; SHENZHEN LIANSHENGTUO TECHNOLOGY CO.,LTD.; SHENZHEN SHANGJIAMEIPIN E-COMMERCE CO., LTD.; AND SHENZHEN WEIDONGZHIXIN TECHNOLOGY CO., LTD., <br>                       *Plaintiffs*, <br>                 v. <br> DOVETAIL TECHNOLOGY LTD., <br>                       *Defendant*. | Civil Action No. 6:22-cv-1 |

## ORIGINAL COMPLAINT

Plaintiffs Shenzhen Laibo Technology Co.,Ltd.; Living Skylight Inc.; Bohua Huagaoli Electronics Technology Co., Ltd.; Yan'an Shangye Network Technology Co.,Ltd.; Shenzhen HTPOW Electronic Commerce Co., Ltd.; Shenzhen Lianshengtuo Technology Co., Ltd.; Shenzhen Shangjiameipin E-Commerce Co., Ltd.; and Shenzhen Weidongzhixin Technology Co., Ltd. (collectively "Plaintiffs") seek a declaration that U.S. Patent No. 9,395,757 ("the '757 Patent") is invalid, as set forth below. Plaintiffs also seeks preliminary injunctive relief requiring Defendant Dovetail Technology Ltd., ("Dovetail" or "Defendant") to withdraw the objectively baseless Neutral Patent Evaluation request it filed with Amazon.com in November 2021 claiming that certain of Plaintiffs' products infringe a valid claim of the '757 Patent. The assertion in the Neutral Patent Evaluation of an otherwise invalid claim in view of the prior art will cause

irreparable harm to Plaintiffs by permitting the removal of their products from the Amazon platform, thereby eliminating their market share.

## NATURE OF THE ACTION

1.   This is an action for Declaratory Judgment of invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and United States Patent Laws, 35 U.S.C. § 1 *et seq.*

## PARTIES

2.   Plaintiff Shenzhen Laibo Technology Co.,Ltd. ("Liabo") is a company organized and existing under the laws of the People's Republic of China.  Laibo sells on Amazon under the store name "LAIBO US."

3.   Plaintiff Living Skylight Inc., ("Living Skylight") is a corporation organized and existing under the laws of the State of Colorado.  Living Skylight sells on Amazon under the store name "WallyDeals."

4.   Plaintiff Bohua Huagaoli Electronics Technology Co., Ltd. ("Bohua") is a company organized and existing under the laws of the People's Republic of China.  Bohua sells on Amazon under the store name "VargaoliDeal."

5.   Plaintiff Yan'an Shangye Network Technology Co.,Ltd. ("Shangye") is a company organized and existing under the laws of the People's Republic of China.  Shangye sells on Amazon under the store name "OFIYAA US."

6.   Plaintiff Shenzhen HTPOW Electronic Commerce Co., Ltd., ("HTPOW") is a company organized and existing under the laws of the People's Republic of China.  HTPOW sells on Amazon under the store name "Taotuo."

7. Plaintiff Shenzhen Lianshengtuo Technology Co.,Ltd., ("SLT") is a company organized and existing under the laws of the People's Republic of China. SLT sells on Amazon under the store name "AllViaUS"

8. Plaintiff Shenzhen Shangjiameipin E-Commerce Co., Ltd., ("SSE") is a company organized and existing under the laws of the People's Republic of China. SSE sells on Amazon under the store name "Kwumsy."

9. Plaintiff Shenzhen Weidongzhixin Technology Co., Ltd., ("SWT") is a company organized and existing under the laws of the People's Republic of China. SWT sells on Amazon under the store name "Ofiyaa-Official Store."

10. Upon information and belief, Defendant Dovetail Technology Ltd., is a foreign company incorporated in the United Kingdom. Defendant is believed to have a principal place of business at 16 Searby Road, Sutton-in-Ashfield, Nottinhamshire NG17 5JR, United Kingdom. Dovetail Technology Ltd., is represented by the law firm of Thomas Horstemeyer in an Amazon dispute involving Plaintiffs.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. Personal jurisdiction and venue exist in this Court over Defendant pursuant to 35 U.S.C. § 293 because Defendant has obtained rights in a United States Patent and, on information and belief, Defendant has not designated a domestic agent or representative for service of process.

## U.S. PATENT NO. 9,395,757

13. Dovetail Technology Ltd., is the owner by assignment of U.S. Patent No. 9,395,757 ("the '757 Patent")

14. The '757 patent is entitled Auxiliary Screen Mounting System.

15. The '757 Patent has 1 independent claim and 18 dependent claims, each drawn to a screen support system having a plurality of mounting members to bear an auxiliary screen.

## PLAINTIFFS AND THE ACCUSED PRODUCTS

16. Each Plaintiff is an e-commerce company, *i.e.,* an online retailer. The majority of each Plaintiff's products are sold and distributed around the world, often through the respective national Amazon platforms. There are two product types that Defendant has alleged infringement of.

17. The Amazon Marketplace is Plaintiffs' primary sales channel into the United States. Amazon sales comprise the large majority of Plaintiffs' sales and over 90% of Plaintiffs' sales are to the United States.

## DOVETAIL TECHNOLOGY LTD

18. On information and belief, Defendant operates the website packedpixels.com but does not appear to currently sell any products. On information and belief, Defendant began an "Indiegogo" campaign to crowdfund future products and does not appear to be actually competing with Plaintiffs.

19. Over the past twenty years, online retailing has revolutionized how companies reach American consumers. Electronic marketplaces combined with dramatically increased transport speed and improved logistics networks allow even relatively small companies to compete across thousands of miles. These developments have generally increased competition and lowered prices.

20.     The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is U.S.-specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49% . . . that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%.")

21.     Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from liability for contributing to infringement. These include a patent infringement reporting procedure and an abbreviated, binding pseudo-arbitration known as the Amazon Utility Patent Neutral Evaluation ("UPNE") process.

22.     In sum, after Amazon.com receives a patent infringement complaint, it contacts the accused Sellers and urges them to negotiate with the patent owner. If the patent owner initiates a UPNE proceeding, the Seller may choose not to participate, but that refusal means Amazon will remove ("de-list") the accused product listings from the Amazon Marketplace.

23.     An Amazon UPNE is decided by a single neutral evaluator chosen by Amazon. Once begun, the process lasts only a few weeks. The evaluator is paid a fixed fee for the UPNE, borne by the losing side. The patent owner identifies the accused products/ASINs[1] and a single claim of one patent allegedly infringed. Each side is permitted one brief on infringement. **The**

*evaluator may not consider validity unless the asserted patent claim has already been ruled invalid by a court or by the U.S. Patent Office*.

24. Amazon's procedures require the evaluator to determine whether the patent owner is "likely to be able to prove" the accused products infringe the asserted claim. The evaluator does not explain their reasoning if they find for the patent owner but must provide a brief explanation if they rule against the patent owner. If the patent owner wins, Amazon de-lists the accused products until the parties notify Amazon that the dispute has been resolved and the infringement complaint withdrawn. There is no appeal.

25. Amazon UPNE proceedings are heavily weighted in favor of patent owners. They are not suited to evaluating complex technical issues, and the speed, limited scope, high stakes, and inability to appeal place tremendous pressure on accused Sellers to capitulate — particularly online retailers deriving most of their revenue from Amazon sales.

26. Importantly, the UPNE procedure offers patent owners like non-product selling Defendant a substantial benefit that non-practicing entities typically will not get from a court, because an Amazon de-listing effectively amounts to an injunction removing the accused product(s) from the marketplace.

27. Dovetail initiated a Neutral Patent Evaluation on November 16, 2021, asserting only claim 1 of the '757 Patent.  Claim 1 is the only independent claim and the broadest claim of the '757 Patent.

28. On December 10, 2021, Plaintiffs provided to Dovetail invalidating prior art and claim charts showing where each limitation of claim 1 is disclosed.  Even in view of the prior art, Dovetail would not retract the UPNE.  Instead, using the threat of the UPNE, Dovetail only further requested sales information for Plaintiffs.

**DEFENDANT'S ACTIONS SIGNIFICANTLY HARM PLAINTIFFS**

29. For Plaintiffs, at least 90 % of their total global revenue of the Accused Products each year comes from sales to U.S. customers through the Amazon Marketplace (Amazon.com)

30. To remain competitive in the United States market for jump starters, Plaintiffs need their products listed in the Amazon Marketplace.

31. Despite not current being a seller of competing products, Defendant's ability to use the UPNE as an injunction against Plaintiffs significantly harm Plaintiffs.

32. In addition to the direct effects of monetary losses, delisting of products with immediately result in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" Badge or the "Amazon Bestseller" designations which create a significant sales boost.

**COUNT I: INVALIDITY OF THE '757 PATENT UNDER 35 U.S.C. § 102**

33. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

34. Claims 1, 3-4, 10-12, 15-17, and 19 of the '757 Patent are invalid as anticipated under 35 U.S.C. § 102 at least in light of U.S. Patent Application Publication No. US2011/155868A1 entitled "Bracket for Screen Expansion, Display, and Display Assembly," ("Sun") Published on June 30, 2011, for U.S. Application No., 12/778,135, which was filed May 12, 2010, and claims priority back to Chinese Patent Application No. 200910312190.X, filed December 24, 2009.  A copy of Sun is attached as Exhibit A.

35. For example, exemplary claim 1 is invalid as anticipated by Sun because Sun explicitly teaches each and every limitation in that claim.  For example:

- Sun discloses a nearly identical device which is an screen support system.  (Sun ¶¶ [0021]-[0022] & FIG. 4)

- Sun discloses and teaches a plurality of mounting members arranged to be disposed on opposing lateral sides of the computing device. .  (Sun ¶¶ [0021]-[0022] & FIG. 4)

- Sun discloses and teaches a retaining member wherein the retaining member extends between the plurality of mounting member and is configured to hold the plurality of mounting members relative to the opposing lateral sides of the computing device .  (Sun ¶¶ [0021]-[0022] & FIG. 4)

- Sun discloses and teaches that at least one mounting member is configured to bear an auxiliary screen.  (Sun, FIGS. 4, 5)

- Sun discloses and teaches that the retaining member is length adjustable to hold the plurality of mounting members.  (Sun ¶¶ [0021]-[0022] & FIG. 4)

36.     Claims 1-7, 11-12, and 14-17 of the '757 Patent are invalid as anticipated under 35 U.S.C. § 102 at least in light of U.S. Patent No. 4,619,429 entitled "Copy Holder for Data Processing Work Station," ("Mazza") which issued on October 28, 1986.   A copy of Mazza is attached as Exhibit B.

37.     For example, exemplary claim 1 is invalid as anticipated by Mazza because Mazza explicitly teaches each and every limitation in that claim.  For example:

- Mazza discloses a an auxiliary screen support system.  (Mazza 2:23-42; 3:45-68 & FIGS. 1, 3)

- Mazza discloses and teaches a plurality of mounting members arranged to be disposed on opposing lateral sides of the computing device. (Mazza 2:23-42; 3:45-68 & FIGS. 1, 3)

- Mazza discloses and teaches a retaining member wherein the retaining member extends between the plurality of mounting member and is configured to hold the plurality of mounting members relative to the opposing lateral sides of the computing device. (Mazza 2:23-42; 3:45-68 & FIGS. 1, 3)

- Mazza discloses and teaches that at least one mounting member is configured to bear an auxiliary screen. (Mazza, FIGS. 4, 5)

- Mazza discloses and teaches that the retaining member is length adjustable to hold the plurality of mounting members. (Mazza 6:18-24)

38. Claims 1-7, 11-13, and 15-17 of the '757 Patent are invalid as anticipated under 35 U.S.C. § 102 at least in light of U.S. Patent No. 5,035,392 entitled "Video Terminal Accessory," ("Gross") issued on July 30, 1991. A copy of Gross is attached as Exhibit C.

39. For example, exemplary claim 1 is invalid as anticipated by Sun because Sun explicitly teaches each and every limitation in that claim. For example:

- Gross discloses a nearly identical device which is a screen support system. (Gross 3:16-43 & FIG. 1)

- Gross discloses and teaches a plurality of mounting members arranged to be disposed on opposing lateral sides of the computing device. (Gross 3:16-43 & FIG. 1)

- Gross discloses and teaches a retaining member wherein the retaining member extends between the plurality of mounting member and is configured to hold the

plurality of mounting members relative to the opposing lateral sides of the computing device . (Gross 3:16-43 & FIG. 1)

- Gross discloses and teaches that at least one mounting member is configured to bear an auxiliary screen. (Gross FIG. 1)

- Gross discloses and teaches that the retaining member is length adjustable to hold the plurality of mounting members. (Gross 3:16-43 & FIG. 1)

40. In light of the above, a substantial, immediate, real, and justiciable controversy exists between Plaintiffs and Defendant regarding whether claims 1-7, 10-17 and 19 of the '757 Patent as anticipated under 35 U.S.C. § 102.

41. Plaintiffs seek seeks a judgment declaring that claims 1-7, 10-17 and 19 of the '757 Patent are invalid as anticipated under 35 U.S.C. § 102.

## COUNT II: INVALIDITY OF THE '757 PATENT UNDER 35 U.S.C. § 103

42. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

43. As explained above, claims 1-7, 10-17 and 19 the '757 Patent as anticipated under 35 U.S.C. § 102. Should the Court disagree, the Court should enter judgment declaring that those claims are invalid as obvious under 35 U.S.C. § 103.

44. In fact, claims 1-7, 10-17 and 19 the '757 Patent are invalid as obvious under 35 U.S.C. § 103 because the subject matter of those claims as a whole would have been obvious to one of ordinary skill in the art by or before November 18, 2013, the earliest priority date for the '757 Patent.

45. Additionally, claim 2 is invalid as obvious under 35 U.S.C. § 103 in light of Sun and in view of U.S. Patent No. 6,967,632 entitled "Multi-Monitor, Auxiliary Monitor, and Monitor

Supporter," ("Minami") issued on November 22, 2005. A copy of Minami is attached as Exhibit D.

46. Additionally, claim 5 is invalid as obvious under 35 U.S.C. § 103 in light of Sun and in view of U.S. Patent No. 6,532,146 entitled "Computer Display Device with Dual Lateral Slide-Out Screens," ("Duquette") issued on March 11, 2003. A copy of Duquette is attached as Exhibit E.

47. In light of the above, a substantial, immediate, real, and justiciable controversy exists between Plaintiffs and Defendant regarding whether claims 1-7, 10-17 and 19 of the '757 Patent as anticipated under 35 U.S.C. § 103.

48. Plaintiffs seek seeks a judgment declaring that claims 1-7, 10-17 and 19 of the '757 Patent are invalid as anticipated under 35 U.S.C. § 103

49. The '757 Patent is invalid because it fails to satisfy the criteria of at least one or more of 35 U.S.C. §§ 101, 102, and 103, in light of the newly cited, anticipatory prior art.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

A. Entering preliminary and permanent injunctions ordering Defendant to withdraw its UPNE infringement complaint against Defendants that it lodged with Amazon on November 16, 2021, and to make no further complaints of infringement to Amazon against Defendants' Accused Products based on the '757 Patent while this litigation is pending.

B. Declaring that claims 1-7, 10-17 and 19 of the '757 Patent are invalid; and

C. A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D. Such further and additional relief as the Court deems just and proper.

Dated this 2nd day of January, 2022.        Respectfully submitted,

/s/ *Hao Ni*
Hao Ni
Texas Bar No.: 24047205
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
972.331.4600
97.314.0900 (facsimile)
hni@nilawfirm.com
*Counsel for Plaintiffs*