**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **SHENZHEN LAIBO TECHNOLOGY CO., LTD.; LIVING SKYLIGHT INC.; BOHUA HUAGAOLI ELECTRONICS TECHNOLOGY CO., LTD.; YAN'AN SHANGYE NETWORK TECHNOLOGY CO., LTD.; SHENZHEN HTPOW ELECTRONIC COMMERCE CO., LTD; SHENZHEN LIANSHENGTUO TECHNOLOGY CO., LTD.; SHENZHEN SHANGJIAMEIPIN E-COMMERCE CO., LTD.; AND SHENZHEN WEIDONGZHIXIN TECHNOLOGY CO., LTD.,**<br><br>    **Plaintiffs,**<br>                                    **v.**<br>**DOVETAIL TECHNOLOGY LTD., AND XEBEC, INC.**<br><br>    **Defendants.** | **Civil Action No. 6:22-cv-1-ADA** |

**DEFENDANT XEBEC, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Xebec, Inc. ("Xebec") files its Answer, Affirmative Defenses, and Counterclaims as follows:

**XEBEC, INC.'S ANSWER**

Xebec responds to the individually numbered paragraphs in Plaintiffs Shenzhen Laibo Technology Co., Ltd., Living Skylight, Inc., Bohua Huagaoli Electronics Technology Co., Ltd., Yan'an Shangye Network Technology Co., Ltd., Shenzhen HTPOW Electronics Commerce Co., Ltd., Shenzhen Lianshengtuo Technology Co., Ltd., Shenzhen Shangjiameipin E-Commerce Co.,

Ltd., and Shenzhen Weidongzhixin Technology Co., Ltd. (collectively, "Plaintiffs") Amended Complaint as follows:

NATURE OF THE ACTION

1.    Paragraph 1 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec admits that Plaintiffs' Amended Complaint purports to be an action for Declaratory Judgement of invalidity arising under the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq*. and United States Patent Laws, 35 U.S.C. § 1 *et seq*., but denies the legal sufficiency of Plaintiffs' claims and allegations.

2.    Paragraph 2 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail, and on that basis denies them.

THE PARTIES

3.    Xebec admits that Plaintiff Schenzhen Laibo Technology Co., Ltd. ("Laibo") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that Laibo sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "LAIBO US."

4.    Xebec admits that Plaintiff Living Skylight Inc. ("Living Skylight") purports to be a corporation organized and existing under the laws of the State of Colorado. Xebec further admits that Living Skylight sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "WallyDeals."

5.    Xebec admits that Plaintiff Bohua Huagaoli Electronics Technology Co., Ltd. ("Bohua") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that Bohua sells one or more infringing auxiliary screen

2

mounting systems on Amazon under the store name "VargaoliDeal."

6.     Xebec admits that Plaintiff Yan'an Shangye Network Technology Co., Ltd. ("Shangye") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that Shangye sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "OFIYAA US."

7.     Xebec admits that Plaintiff HTPOW Electronic Commerce Co., Ltd. ("HTPOW") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that HTPOW sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "Taotuo."

8.     Xebec admits that Plaintiff Shenzhen Lianshengtuo Technology Co., Ltd. ("SLT") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that SLT sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "AllViaUS."

9.     Xebec admits that Plaintiff Shangjiameipin E-Commerce Co., Ltd. ("SSE") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that SSE sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "Kwumsy."

10.     Xebec admits that Plaintiff Shenzhen Weidongzhixin Technology Co., Ltd. ("SWT") purports to be a company organized and existing under the laws of the People's Republic of China. Xebec further admits that SWT sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "Ofiyaa-Official Store."

11.     Xebec admits that Dovetail Technology Ltd. is a company incorporated in the United Kingdom having a principal place of business at 16 Searby Road, Sutton-in-Ashfield,

Nottinhamshire NG17 5JR United Kingdom. Xebec further admits that Dovetail was represented by the law firm of Thomas Horstemeyer LLP in connection with two Amazon Uniform Neutral Evaluation Procedures ("UPNEP"). Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 11.

12.    Xebec admits that it is a Delaware corporation having a principal place of business at 500 San Marcos Street, Suite 101, Austin, Texas 78702. Xebec further admits that it may be served through its registered agent located at Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, Texas 78735.

<u>JURISDICTION AND VENUE</u>

13.    Paragraph 13 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec admits that this Court has subject matter jurisdiction over only the claims against Xebec that arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338, but denies the legal sufficiency of Plaintiffs' claims and allegations. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 13.

14.    Paragraph 14 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail, and on that basis denies them.

15.    Paragraph 15 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec lacks sufficient knowledge or information as to the truth of the allegations directed to Dovetail, and on that basis denies them. Xebec admits that Plaintiffs purport to be corporations organizing and existing in China and the States of Colorado, Dovetail has a principal place of business in the United Kingdom, and Xebec

4

has a principal place of business in Austin, Texas. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 15.

16.     Paragraph 16 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec admits that this Court has personal jurisdiction over Xebec only for the limited purposes of this action but denies that 35 U.S.C. § 293 confers personal jurisdiction over Xebec. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 16.

17.     Paragraph 17 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec admits that this Court has personal jurisdiction over Xebec only for the limited purposes of this action and venue is proper in this District as to Xebec. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 17.

18.     Paragraph 18 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail, and on that basis denies them.

<u>U.S. PATENT NO. 9,395,757</u>

19.     Xebec admits that Dovetail Technology Ltd. was previously the owner by assignment of U.S. Patent No. 9.395,757 ("the '757 Patent").

20.     Xebec admits that the '757 Patent is entitled "Auxiliary Screen Mounting System."

21.     Xebec admits that the '757 Patent has 1 independent and 18 dependent claims. The claims speak for themselves. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 21.

22.     Xebec admits that Dovetail assigned all right, title, and interest in the '757 Patent to Xebec on or about January 7, 2022.

<u>PLAINTIFFS AND THE ACCUSED PRODUCTS</u>

23.     Xebec admits that Plaintiffs purport to be online retailers. Except as expressly admitted above, Xebec lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 23, and on that basis denies them.

24.     Xebec lacks sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

<u>XEBEC, INC.</u>

25.     Xebec admits that it operates the website located at www.thexebec.com and offers for sale and sells various portable screens and other accessories. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 25.

26.     Xebec admits that on or about January 7, 2022, that it acquired all rights, title, and interest in the '757 Patent from Dovetail, and that it has the right to seek and collect past damages. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 26.

<u>DOVETAIL TECHNOLOGY LTD AND FACTUAL BACKGROUND</u>

27.     Xebec lacks sufficient knowledge or information as to the truth of the allegations directed to Dovetail set forth in Paragraph 27, and on that basis denies them.

28.     Xebec lacks sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 28, and on that basis denies them.

29.     Xebec admits that Amazon, Inc. ("Amazon") operates the website located at www.amazon.com and that the Amazon platform has millions of product listings accessible to American consumers. Except as expressly admitted above, Xebec lacks sufficient knowledge or

information as to the truth of the remaining allegations set forth in Paragraph 29, and on that basis denies them.

30.    Xebec admits that Amazon has policies and procedures related to the enforcement of intellectual property rights on the Amazon platform. Xebec further admits that Amazon allows certain sellers to enforce their intellectual property rights through the Amazon Report Infringement Form, as well as through the Amazon Utility Patent Neutral Evaluation Procedure ("UPNEP"). Xebec further admits that if Amazon permits a patent owner to initiate an UPNEP proceeding and an accused seller chooses not to participate in the proceeding, Amazon's policies and procedures state that Amazon will remove the accused product listings associated with the accused seller from the Amazon platform. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 30.

31.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 31, and on that basis denies them.

32.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 32, and on that basis denies them.

33.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 33, and on that basis denies them.

34.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 34, and on that basis denies them.

35.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 35, and on that basis denies them.

36.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 36, and on that basis denies them.

37.    Xebec admits that Dovetail assigned all rights, title, and interest in and to the '757 Patent to Xebec on or about January 7, 2022. Except as expressly admitted above, Xebec denies each and every allegation of Paragraph 37.

38.    Xebec lack sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 38, and on that basis denies them.

39.    Xebec lack sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 39, and on that basis denies them.

40.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 40, and on that basis denies them.

41.    Xebec lack sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 41, and on that basis denies them.

<u>COUNT I: INVALIDITY OF THE '757 PATENT UNDER 35 U.S.C § 102</u>

42.    Xebec reasserts and re-alleges the responses set forth in Paragraphs 1-41 above as if fully set forth herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

## COUNT II: INVALIDITY OF THE '757 PATENT UNDER 35 U.S.C § 103

51.    Xebec reasserts and re-alleges the responses set forth in Paragraphs 1-50 above as if fully set forth herein

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

## COUNT III: TORTIOUS INTEREFERENCE WITH PROSPECTIVE BUSINESS RELATIONS (AGAINST DOVETAIL ONLY)

59.    Xebec reasserts and re-alleges the responses set forth in Paragraphs 1-58 above as if fully set forth herein

60.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 60, and on that basis denies them.

61.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 61, and on that basis denies them.

62.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 62, and on that basis denies them.

63.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 63, and on that basis denies them.

64.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 64, and on that basis denies them.

65.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 65, and on that basis denies them.

66.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 66, and on that basis denies them.

67.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 67, and on that basis denies them.

68.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 68, and on that basis denies them.

69.    Xebec lacks sufficient knowledge or information as to the truth of these allegations directed to Dovetail set forth in Paragraph 69, and on that basis denies them.

## General Denial

Unless expressly admitted herein, Xebec denies each and every allegation contained in Paragraphs 1 through 69 of Plaintiffs' Amended Complaint and denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## Demand for Jury Trial

Xebec respectfully request a trial by jury on all issues triable by a jury in this case.

## Prayer for Relief

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Xebec prays for relief as follows:

A.    That Plaintiffs recover nothing and Plaintiffs' Amended Complaint be dismissed with prejudice;

B.    That the Court enter a judgment that one or more claims of the '757 Patent are not invalid and enforceable, including but not limited to, Claims 1-7, 10-17, and 19;

C.      That the Court deny any injunctive relief in favor of Plaintiffs and against Xebec;

D.      That the Court find this case to be exceptional case pursuant to 35 U.S.C. § 285 of

the Patent Act and award Xebec its reasonable attorneys' fees;

E.      That all costs be taxed against Plaintiffs; and,

F.      That Xebec be granted such other relief as the Court deems just and proper.

## XEBEC, INC.'S AFFIRMATVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Xebec asserts the following affirmative

defenses to Plaintiffs' Complaint:

## First Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

## RESERVATION OF RIGHTS

Xebec reserves the right to add any additional defenses and counterclaims that discovery

in this action may reveal.

## XEBEC, INC.'S COUNTERCLAIMS

Defendant/Counterclaimant Xebec, Inc. ("Xebec"), by and through its undersigned attorneys, files these counterclaims for patent infringement against Plaintiffs/Counter-Defendants Shenzhen Laibo Technology Co., Ltd., Living Skylight, Inc., Bohua Huagaoli Electronics Technology Co., Ltd., Yan'an Shangye Network Technology Co., Ltd., Shenzhen HTPOW Electronics Commerce Co., Ltd., Shenzhen Lianshengtuo Technology Co., Ltd., Shenzhen Shangjiameipin E-Commerce Co., Ltd., and Shenzhen Weidongzhixin Technology Co., Ltd. (collectively, "Plaintiffs/Counter-Defendants"), and in support thereof alleges as follows:

### NATURE AND BASIS OF ACTION

1.      These counterclaims for patent infringement arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Xebec seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

### THE PARTIES

2.      Defendant/Counterclaimant Xebec, Inc. is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 500 San Marcos Street, Suite 101, Austin, Texas 78702.

3.      Upon information and belief, Plaintiff/Counter-Defendant Schenzhen Laibo Technology Co., Ltd. ("Laibo") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Laibo sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "LAIBO US."

4.      Upon information and belief, Plaintiff/Counter-Defendant Living Skylight Inc. ("Living Skylight") is a corporation organized and existing under the laws of the State of Colorado. Upon further information and belief, Living Skylight sells one or more infringing auxiliary screen

mounting systems on Amazon under the store name "WallyDeals."

5.      Upon information and belief, Plaintiff/Counter-Defendant Bohua Huagaoli Electronics Technology Co., Ltd. ("Bohua") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Bohua sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "VargaoliDeal."

6.      Upon information and belief, Plaintiff/Counter-Defendant Yan'an Shangye Network Technology Co., Ltd.  ("Shangye") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Shangye sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "OFIYAA US."

7.      Upon information and belief, Plaintiff/Counter-Defendant HTPOW Electronic Commerce Co., Ltd. ("HTPOW") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, HTPOW sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "Taotuo."

8.      Upon information and belief, Plaintiff/Counter-Defendant Shenzhen Lianshengtuo Technology Co., Ltd. ("SLT") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, SLT sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "AllViaUS."

9.      Upon information and belief, Plaintiff/Counter-Defendant Shangjiameipin E-Commerce Co., Ltd. ("SSE") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, SSE sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "Kwumsy."

10.     Upon information and belief, Plaintiff/Counter-Defendant Shenzhen Weidongzhixin Technology Co., Ltd. ("SWT") is a company organized and existing under the

laws of the People's Republic of China. Upon further information and belief, SWT sells one or more infringing auxiliary screen mounting systems on Amazon under the store name "Ofiyaa-Official Store."

JURISDICTION AND VENUE

11.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims include causes of action for patent infringement under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

12.    This Court has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because Plaintiffs/Counterclaim-Defendants, by virtue of filing their Complaint and Amended Complaint in this Court, have consented to personal jurisdiction over any counterclaims filed against them. *See, e.g., Adam v. Saenger*, 303 U.S. 59 (1938).

13.    This Court also has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because they have transacted business in this District, have derived substantial revenue from the infringing auxiliary screen mounting systems offered for sale and/or sold in this District, and/or have established sufficient minimum contacts with the State of Texas such that they are subject to the personal jurisdiction of this Court. Personal jurisdiction in Texas over Plaintiffs/Counterclaim-Defendants is also consistent with the requirements of due process.

14.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Plaintiffs/Counterclaim-Defendants, by virtue of filing their Complaint and Amended Complaint in this Court, have consented to and conceded that venue is proper in this District for any counterclaims filed against them. In addition, except for Plaintiff/Counter-Defendant Living Skylight, all of Plaintiffs/Counter-Defendants are foreign corporations that, pursuant to § 1400(b),

14

may be sued in any district in the United States, including this District. Venue is further proper in

this District based on the facts alleged in the preceding and subsequent paragraphs, which Xebec

incorporates by reference as if fully set forth herein.

FACTUAL BACKGROUND

Xebec's and Its Innovative Workplace Technology

15.    Xebec is an innovative provider of mobile workplace technology, such as its Xebec

Tri-Screen, headquartered in Austin, Texas.

16.    Xebec was founded in 2018 by Alex Levine and Trevor Russo with the mission to

equip individuals to be successful in the modern mobile workplace.

17.    Xebec's most successful and innovative product is the Xebec Tri-Screen, which is

an auxiliary screen mounting system that adds two additional screens to any laptop or computing

device to create an instant office set up. An example of Xebec's innovative Tri-Screen product is

shown below:



18.    The inspiration for the Xebec Tri-Screen design stemmed from Alex Levine's travel schedule as a consultant. As a consultant, Levine regularly traveled to client sites across the country. In that role, he found that it was difficult to maintain efficiency and productivity while working on a laptop having a single screen.

19.    While Levine had attempted to maintain efficiency and productivity by using external, stand-alone monitors, he found that they took too much time to set up and lacked the portability to be easily moved from room to room. He also found that external, stand-alone monitors required additional desk space that was often difficult to come by in hotel rooms, client sites, and other temporary workplaces.

20.    As a result, Levine began designing and developing a solution that would allow individuals to have access to additional screens that utilized a removable mount that would affix to a laptop or other computing device seamlessly without causing damage. He also sought to design a solution that would be easy to travel with, easy to setup, and require very little additional workspace.

21.    Based on Levine's design, Levine and Russo ultimately launched Xebec and introduced the innovative Xebec Tri-Screen. The Tri-Screen is Xebec's flagship product and at the core of Xebec's business, and Xebec has spent a substantial amount of time and resources designing, developing, and brining this innovative product to the market.

22.    As a result of his efforts, Levine applied for and was granted a U.S. patent on his innovative design, U.S. Patent No. 10,809,762 ("the '762 Patent").

23.    The '762 Patent, entitled "Accessory Display Device," was filed on November 4, 2019, and after a full and fair examination, was duly and legally issued by the United States Patent and Trademark Office ("PTO") on October 20, 2020. A true and correct copy of the '762 Patent is

attached hereto as Exhibit A.

24.    Xebec is the owner of all right, title, and interest in and to the '762 Patent by assignment from Levine, including the right to make, use, offer for sale, sell, import, and enforce the '762 Patent.

25.    On January 7, 2022, Xebec acquired additional patent rights in the mobile workplace technology field from Dovetail Technology Ltd. ("Dovetail Technology"), a company based in the United Kingdom. These additional patent rights include U.S. Patent No. 9,395,757 ("the '757 Patent"),

26.    The '757 Patent, entitled "Auxiliary Screen Mounting System," was filed on November 18, 2014, and after a full and fair examination, was duly and legally issued by the PTO on July 19, 2016. A true and correct copy of the '757 Patent is attached hereto as Exhibit B.

27.    Xebec is the owner of all right, title, and interest in and to the '757 Patent by assignment from Dovetail Technology, including the right to make, use, offer for sale, sell, import, enforce, and seek and collect past damages. A true and correct copy of the assignment from Dovetail Technology to Xebec is attached hereto as Exhibit C.

<u>Plaintiffs/Counter-Defendants' Infringing and Unlawful Conduct</u>

28.    Plaintiffs/Counter-Defendants are manufacturers and/or sellers of one or more auxiliary screen mounting product that are imported, marketed, offered for sale, and sold under the name "OFIYAA".

29.    Specifically, Plaintiffs/Counter-Defendants' OFIYAA-branded auxiliary screen mounting products include, but are not limited to, the OFIYAA P2 Pro, OFIYAA P2, and the OFIYAA P1 (the "OFIYAA Products").  Examples of Plaintiffs/Counter-Defendants' product listings for the OFIYAA Products on Amazon.com are set forth in Exhibit D.

<u>COUNT I: DIRECT INFRINGEMENT OF '762 PATENT, 35 U.S.C. § 271(a)</u>

30.    Xebec incorporates by reference the allegations contained in paragraphs 1-31, as if fully set forth herein.

31.    Plaintiffs/Counter-Defendants' ongoing manufacture, use, offer for sale, sale, and/or importation of the OFIYAA Products infringes one or more claims of the '762 Patent.

32.    Plaintiffs/Counter-Defendants directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '762 Patent by, without authority, making, using, importing, selling, and/or offering to sell the OFIYAA Products within the United States in violation of 35 U.S.C. § 271(a).

33.    A preliminary claim chart showing Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '762 Patent is attached hereto as Exhibit E.

34.    For example, a summary of Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '762 Patent by at least one of the OFIYAA Products is provided as follows:

      i)    <u>Preamble:</u> The OFIYAA P2 is an accessory display device for a display having dual screens or two accessory displays;

      ii)    <u>Limitation 1:</u> The OIFYAA P2 includes a housing having a first side and a second side that are movable relative to one another;

      iii)    <u>Limitation 2:</u> The OFIYAA P2 includes a first pair of rails coupled to the first side and second pair of rails coupled to the second side, and the first pair of rails are engaged with and slidable relative to the second pair of rails;

      iv)    <u>Limitation 3:</u> The OFIYAA P2 includes a tensioning member coupled to the first side and the second side that places tension between the first side and

the second side;

v)      Limitation 4: The OFIYAA P2 includes a first engagement portion coupled to the first side and a second engagement portion coupled to the second side. The first engagement portion and the second engagement portion are configured to engage the side of a display device under force created by the tensioning member; and,

vi)     Limitation 5: The OFIYAA P2 includes a first display that is slidable within the housing. The first display is also movable from a stowed position to a use position.

35.     As a result of Plaintiffs/Counter-Defendants' infringement of the '762 Patent, Xebec has been damaged and will continue to be damaged by Plaintiffs/Counter-Defendants' unlawful conduct. Xebec is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Plaintiffs/Counter-Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

36.     Plaintiffs/Counter-Defendants' infringement of the '762 Patent has injured and continues to injure Xebec and will continue to cause irreparable harm to Xebec unless Plaintiffs/Counter-Defendants are enjoined from infringing one or more claims of the '762 Patent. Xebec is entitled to preliminary and/or permanent injunctive relief against Plaintiffs/Counter-Defendants from further infringement pursuant to 28 U.S.C. § 283.

37.     Upon information and belief, Plaintiffs/Counter-Defendants' past and continued infringement of the '762 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Xebec pursuant to 28 U.S.C. §§ 284 & 285.

<u>COUNT II: DIRECT INFRINGEMENT OF '757 PATENT, 35 U.S.C. § 271(a)</u>

38.    Xebec incorporates by reference the allegations contained in paragraphs 1-31, as if fully set forth herein.

39.    Plaintiffs/Counter-Defendants' ongoing manufacture, use, offer for sale, sale, and/or importation of the OFIYAA Products infringes one or more claims of the '757 Patent.

40.    Plaintiffs/Counter-Defendants directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '757 Patent by, without authority, making, using, importing, selling, and/or offering to sell the OFIYAA Products within the United States in violation of 35 U.S.C. § 271(a).

41.    A preliminary claim chart showing Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '762 Patent is attached hereto as Exhibit F.

42.    For example, a summary of Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '757 Patent by at least one of the OFIYAA Products is provided as follows:

   i)    <u>Preamble:</u> The OFIYAA P2 includes an auxiliary screen support system for a computing device having dual screens or two separate screens;

   ii)   <u>Limitation 1:</u> The OFIYAA P2 includes a plurality of mounting members arranged to be disposed on opposing lateral sides of the computing device in use;

   iii)  <u>Limitation 2:</u> The OFIYAA P2 includes a retaining member that extends between the plurality of mounting members, and is configured to hold the plurality of mounting members relative to the

opposing lateral sides of the computing device;

iv)    Limitation 3: The OFIYAA P2 has at least one mounting member that is configured to bear an auxiliary screen that is hung relative to the computing device; and,

v)    Limitation 4: The retaining member of the OFIYAA P2 is length adjustable to hold the plurality of mounting members relative to the opposing lateral sides of the computing device by resisting separation.

43.    As a result of Plaintiffs/Counter-Defendants' infringement of the '757 Patent, Xebec has been damaged and will continue to be damaged by Plaintiffs/Counter-Defendants' unlawful conduct. Xebec is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Plaintiffs/Counter-Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

44.    Plaintiffs/Counter-Defendants' infringement of the '757 Patent has injured and continues to injure Xebec and will continue to cause irreparable harm to Xebec unless Plaintiffs/Counter-Defendants are enjoined from infringing one or more claims of the '757 Patent. Xebec is entitled to preliminary and/or permanent injunctive relief against Plaintiffs/Counter-Defendants from further infringement pursuant to 28 U.S.C. § 283.

45.    Upon information and belief, Plaintiffs/Counter-Defendants' past and continued infringement of the '757 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Xebec pursuant to 28 U.S.C. §§ 284 & 285.

## JURY DEMAND

Xebec hereby respectfully requests a trial by jury on all issues raised in this case, pursuant

to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Xebec, Inc. prays that this Court enter judgment in favor of Xebec and against each of Plaintiffs/Counterclaim-Defendants as follows:

A.    Entry of judgment that each of Plaintiffs/Counterclaim-Defendants have directly infringed the '762 Patent pursuant to 35 U.S.C. § 271 (a);

B.    An order preliminarily and/or permanently enjoining each of Plaintiffs/Counterclaim-Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with them, and all other parties properly enjoined by law, from infringing the claims of the '762 Patent;

C.    An order that each of Plaintiffs/Counterclaim-Defendants be ordered to file with this Court, and to promptly serve on counsel for Xebec, within twenty (20) days after entry of any injunction issued by the Court in this action, a sworn statement setting forth in detail the manner and form in which they have complied with the injunction;

D.    An order that each of Plaintiffs/Counterclaim-Defendants provide an accounting and pay to Xebec damages in an amount adequate to compensate Xebec for each of Plaintiffs/Counterclaim-Defendants' infringement of the '762 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for each of

Plaintiffs/Counterclaim-Defendants willful infringement pursuant to 35 U.S.C. § 284;

E.    Entry of judgment that each of Plaintiffs/Counterclaim-Defendants have directly infringed the '757 Patent pursuant to 35 U.S.C. § 271 (a);

F.    An order preliminarily and/or permanently enjoining each of Plaintiffs/Counterclaim-Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with them, and all other parties properly enjoined by law, from infringing the claims of the '757 Patent;

G.    An order that each of Plaintiffs/Counterclaim-Defendants be ordered to file with this Court, and to promptly serve on counsel for Xebec, within twenty (20) days after entry of any injunction issued by the Court in this action, a sworn statement setting forth in detail the manner and form in which they have complied with the injunction;

H.    An order that each of Plaintiffs/Counterclaim-Defendants provide an accounting and pay to Xebec damages in an amount adequate to compensate Xebec for each of Plaintiffs/Counterclaim-Defendants' infringement of the '757 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for each of Plaintiffs/Counterclaim-Defendants willful infringement pursuant to 35 U.S.C. § 284;

I.      An order that this is an exceptional case under 35 U.S.C. § 285 meriting that

        Xebec be awarded its costs, including its reasonable attorneys' fees and

        other expenses incurred in connection with this action;

J.      Any other relief that the Court finds legal, just and equitable, as may be

        available under law or equity, and which the Court finds proper.

Respectfully submitted this 23rd day of March 2022.

                                        /s/ Scott P. Amy_____
                                        Scott P. Amy
                                        Georgia Bar No. 141416
                                        s.amy@thip.law
                                        Joseph W. Staley (*admission pending*)
                                        Georgia Bar No.
                                        j.staley@thip.law
                                        Andrea P. Nguyen (*admission pending*)
                                        Georgia Bar No. 306931
                                        a.nguyen@thip.law
                                        **THOMAS | HORSTEMEYER, LLP**
                                        3200 WINDY HILL RD SE
                                        SUITE 1600E
                                        ATLANTA, GEORGIA 30339
                                        Telephone:  770.933.9500
                                        Facsimile:  770.951.0933

                                        *Attorneys for Defendant Xebec, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SHENZHEN LAIBO TECHNOLOGY CO., LTD.; LIVING SKYLIGHT INC.; BOHUA HUAGAOLI ELECTRONICS TECHNOLOGY CO., LTD.; YAN'AN SHANGYE NETWORK TECHNOLOGY CO., LTD.; SHENZHEN HTPOW ELECTRONIC COMMERCE CO., LTD; SHENZHEN LIANSHENGTUO TECHNOLOGY CO., LTD.; SHENZHEN SHANGJIAMEIPIN E-COMMERCE CO., LTD.; AND SHENZHEN WEIDONGZHIXIN TECHNOLOGY CO., LTD., | Civil Action No. 6:22-cv-1-ADA |
| Plaintiffs, | |
| v. | |
| DOVETAIL TECHNOLOGY LTD., | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2022, the foregoing DEFENDANT XEBEC, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was filed using the Court's CM/ECF system, which will automatically send electronic notice of such filing to all attorneys of record in this case.

/s/ Scott P. Amy
Scott P. Amy

*Attorney for Defendant Xebec, Inc.*