IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SHENZHEN LAIBO TECHNOLOGY CO., LTD.**, *et al.*, <br><br> *Plaintiffs/Counterclaim Defendants*, <br><br> v. <br><br> **XEBEC, INC.**, <br><br> *Defendant/Counterclaim Plaintiff*. | Civil Action No. 6:22-cv-00001-ADA |

## PLAINTIFFS' REPLY CLAIM CONSTRUCTION BRIEF

Plaintiffs and Counterclaim Defendants Shenzhen Laibo Technology Co., Ltd., *et al.* ("Plaintiffs") file their Reply Claim Construction Brief.

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.  DISPUTED CLAIM TERMS ............................................................................................ 1

   A.   The '757 Patent Terms ................................................................................................. 1

      1.   *"hung"* ...................................................................................................................... 1

      2.   *"a bracket"* .............................................................................................................. 5

      3.   *"for engagement" (claim 11)* ................................................................................. 7

   B.   The '762 Patent Claim Terms ...................................................................................... 9

      1.   *"engaged with and slidable / in sliding engagement"* ........................................ 9

      2.   *"coupled to"* .......................................................................................................... 10

III. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

*Applied Med. Res. Corp. v. United States Surgical Corp.*,
    448 F.3d 1324 (Fed. Cir. 2006) .................................................................................................. 5

*Astrazeneca AB v. Hanmi USA, Inc.*,
    554 F. App'x 912 (Fed. Cir. 2013) ............................................................................................. 2

*Astrazeneca AB, Aktiebolaget Hassle, KBI-E, Inc. v. Mut. Pharm. Co.*,
    384 F.3d 1333 (Fed. Cir. 2004) .................................................................................................. 2

*Edwards Lifesciences LLC v. Cook Inc.*,
    582 F.3d 1322 (Fed. Cir. 2009) .................................................................................................. 2

*Hill-Rom Servs. v. Stryker Corp.*,
    755 F.3d 1367 (Fed. Cir. 2014) .................................................................................................. 4

*Honeywell Int'l, Inc. v. ITT Indus., Inc.*,
    452 F.3d 1312 (Fed. Cir. 2006) .................................................................................................. 2

*In re Varma*,
    816 F.3d 1352 (Fed. Cir. 2016) .................................................................................................. 8

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
    358 F.3d 898 (Fed. Cir. 2004) .................................................................................................... 2

*Markman v. Westview Instruments*,
    517 U.S. 370 (1996) .................................................................................................................. 5

*Modine Manufacturing Co. v. United States International Trade Commission*,
    75 F.3d 1545 (Fed. Cir. 1996) .................................................................................................... 4

*Regents of Univ. of Minn. v. AGA Med. Corp.*,
    717 F.3d 929 (Fed. Cir. 2013) .................................................................................................... 2

*SciMed Life Sys. v. Advanced Cardiovascular Sys.*,
    242 F.3d 1337 (Fed. Cir. 2001) .............................................................................................. 3, 6

*Snow v. Lake S. & M. S. R. Co.*,
    121 U.S. 617 (1887) .................................................................................................................. 4

*Toro Co. v. Deere & Co.*,
    355 F.3d 1313 (Fed. Cir. 2004) .................................................................................................. 2

*Vulcan Eng'g Co., Inc. v. Fata Aluminum, Inc.*,
    278 F.3d 1366 (Fed. Cir. 2002) .................................................................................................. 2

*Wang Labs., Inc. v. Am. Online, Inc.*,
    197 F.3d 1377 (Fed. Cir. 1999) .................................................................................................. 4

*Watts v. XL Sys., Inc.*,
    232 F.3d 877 (Fed. Cir. 2000) .................................................................................................... 4

I.      **INTRODUCTION**

Defendant contends that Plaintiffs' constructions are "problematic and contrary to well-established claim construction principles," yet have advanced infringement theories completely inconsistent with any plain and ordinary meaning of the disputed claim terms. As such, Defendant seeks to keep the terms largely undefined, largely ignoring the actual claim language and in contrary to the limiting language found in the specification.

For example, the terms "hung" and "bracket" are subject to a limiting disclaimer, and should therefore be construed according to the respective structures disclosed as the invention itself. Similarly, the term "for engagement" should clearly be given different constructions between Claims 4 and 11 based the language of the claims themselves and what is disclosed in the specification. Finally, construing the terms "engaged with and slidable/in sliding engagement" as "connected and slidable/in a sliding connection" would not aid the jury and is inconsistent with what is disclosed in the specification. Accordingly, the Court should adopt Plaintiffs' proposed constructions.

II.     **DISPUTED CLAIM TERMS**

    A.    The '757 Patent Terms

        1.    "hung"

| Plaintiffs | Defendant |
|---|---|
| fastened from above with no support from below; suspended | Plain and ordinary meaning |

Defendant responds in their brief by primarily arguing that Plaintiffs attempt to improperly limit the term "hung" to the particular embodiment depicted in Figure 8. However, this argument is premised on the presumption that Figure 8 represents one embodiment among many disclosed embodiments, and not the invention itself. Claims must be "construed in light of the specification,

1

and are not limited to a designated 'preferred embodiment' *unless the embodiment is in fact the entire invention presented by the patentee."* *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320 (Fed. Cir. 2004) (quoting *Vulcan Eng'g Co., Inc. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1376 (Fed. Cir. 2002)) (emphasis added). The limitations from a preferred embodiment may be incorporated into the claims themselves when "one of ordinary skill would regard the [] preferred embodiments as the entire invention." *Id*. "[W]hile it is of course improper to limit the claims to the particular preferred embodiments described in the specification, the patentee's choice of preferred embodiments can shed light on the intended scope of the claims." *Astrazeneca AB, Aktiebolaget Hassle, KBI-E, Inc. v. Mut. Pharm. Co.*, 384 F.3d 1333, 1340 (Fed. Cir. 2004).

Similarly, "[e]ven when the specification describes only a single embodiment, the claims of the patent will not be read restrictively *unless the patentee has demonstrated a clear intention to limit the claim scope using words or expressions of manifest exclusion or restriction*." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004) (emphasis added) (quotation omitted). "[W]hen the preferred embodiment is described in the specification as the invention itself, the claims are not necessarily entitled to a scope broader than that embodiment." *Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1330 (Fed. Cir. 2009) (quotation omitted). For example, the Federal Circuit has held that disclaimer applies when the patentee makes statements such as "the present invention requires…" or "the present invention is…" or "all embodiments of the present invention are…" See *Regents of Univ. of Minn. v. AGA Med. Corp.*, 717 F.3d 929, 936 (Fed. Cir. 2013); *Honeywell Int'l, Inc. v. ITT Indus., Inc.*, 452 F.3d 1312, 1316-19 (Fed. Cir. 2006); *Astrazeneca AB v. Hanmi USA, Inc.*, 554 F. App'x 912, 915 (Fed. Cir. 2013). Such a limiting disclaimer is, at least by strong implication, present here.

Critically, the specification does not disclose materially different embodiments of an auxiliary screen hung relative to a computing device. As mentioned at pg. 7 n. 1 of Plaintiffs' Opening Brief, the specification largely discloses only one embodiment of the invention with nonmaterial variations, such as simply swapping the slot/recess on the mounting member and the projection on the auxiliary screen or adding a hinge for adjusting the angle of the auxiliary screen. Such minor variations are described as additional or alternative developments in furtherance of the concept of the invention. *See* '757 Patent at 2:8-10 ("Additionally or alternatively, the mounting member(s) may comprise a hinge for adjusting the angle of the auxiliary screen, for example about a single hinge axis."); *id*. at 9:62-10:6 ("In further developments of the concept…").

In addition to the above, there exist additional reasons supporting Plaintiffs' proposed construction, as the specification makes clear, at least by strong implication, that the patentee intended the invention to be limited to the particular auxiliary screen support mounting system structure explicitly disclosed therein. The patentee uses language indicating an intention for the claims and the embodiment in the specification to be coextensive. *See SciMed Life Sys. v. Advanced Cardiovascular Sys.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001). According to the patentee, the cited Figure 8 is a depiction of the invention itself, not merely a depiction of one possible embodiment. In fact, Figure 8 is described as showing "an auxiliary screen mounting system and screen housing *according to the present invention*…" '757 Patent at 8:39-41 (emphasis added); *id.* at 5:30-32 ("FIG. 8 shows a rear three-dimensional view of an auxiliary screen support mounting system *according to the present invention*…) (emphasis added). Throughout the specification, the patentee repeatedly refers to the Figures as "according to the present invention." *Id*. at 5:15-32; 5:39-41; 7:28-30; 8:39-41. Contrast such language with Figure 9, which depicts a non-material alternative development to the invention, in which the patentee uses the phrase "in an alternative

usage configuration." *Id*. 5:33-34.  Such language expressly, or at least by strong implication, restricts the scope of the invention to the particular structure disclosed therein, *i.e.*, to an auxiliary screen fastened from above with no support from below/suspended relative to the computing device in use. *See Watts v. XL Sys., Inc.*, 232 F.3d 877, 883 (Fed. Cir. 2000) (construing the claim language as limited to connections effected by misaligned taper angles because the specification only describes one method to achieve the sealing connection and actually limits the invention to structures that utilize misaligned taper angles, stating that "*the present invention* utilizes [the varying taper angle] feature") (emphasis added); *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1382 (Fed. Cir. 1999) (construing the claims as limited to character-based systems as the only system that is described and enabled in the specification); *Modine Manufacturing Co. v. United States International Trade Commission*, 75 F.3d 1545, 1551 (Fed. Cir. 1996) (explaining that when the preferred embodiment is described as the invention itself, the claims are not entitled to a broader scope than that embodiment); *Snow v. Lake S. & M. S. R. Co.*, 121 U.S. 617, 630 (1887) (stating that nothing in the context to indicate that the patentee contemplated any alternative for the arrangement of the piston and piston-rod than as described in the specification); *compare to Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1377 (Fed. Cir. 2014) (finding no disclaimer where the specification stated, "In one embodiment of the invention… in accordance with the present invention.").

Further, Defendant's argument that an intermediately located mounted member would inherently have at least a portion of the auxiliary screen located above and supported from below wholly ignores the fact that part of Plaintiffs' proposed construction includes the word "suspended," which would be in accord with the briefly mentioned intermediately located mounted member.

Defendant's layman argument regarding household doors hung from hinges on a door frame is inapplicable. Doors are "hung" from multiple hinges to distribute the large weight bore by the frame. Such a principle is inapplicable in the field of hung mobile auxiliary computer screens, which are designed to be light-weight. Even so, a similar, yet opposite, argument could be made regarding hanging a coat upon a coat rack. Moreover, such analogous yet ambiguous usage of the term "hung" in the vernacular only serves to underscore why the term need be construed for the jury in light of what is regarded as the invention in the specification.

Defendant's argument that Plaintiffs erroneously cite the use of the term hung in the specification in reference to the hanging of the mounting members to the computer device, as opposed to the hanging of the auxiliary screen to the mounting member, should be rejected. Certainly the use of the term hung in the specification, even in reference to other structures, bears significant weight as to not only what the term meant to the patentee, but also as to what the term meant to a person of ordinary skill at the time of the invention in view of the context of the specification as a whole. The heavily implied argument that the Court should ignore the parts of the specification that use hung in reference to different structures than those directly at issue should be plainly rejected. *See Applied Med. Res. Corp. v. United States Surgical Corp.*, 448 F.3d 1324, n. 3 (Fed. Cir. 2006) (citing *Markman v. Westview Instruments*, 517 U.S. 370, 390 (1996)) ("It is certainly established that patent claims are to be construed to 'preserve the patent's internal coherence.'"). As such, "hung" should be given Plaintiffs' proposed construction.

    2.    "a bracket"

| Plaintiffs | Defendant |
|---|---|
| a structure in the shape of an L adapted to support a load | Plain and ordinary meaning |

Defendant again responds in their brief by primarily arguing that Plaintiffs attempt to improperly limit the term "a bracket" to the particular embodiment depicted in Figure 3. As similarly discussed in Section II.A, *supra*, this argument is based on the presumption that Figure 3 represents one embodiment among many disclosed embodiments, and not the invention itself. However, Plaintiffs' construction is consistent with what is disclosed and enabled as the invention itself.

First, the specification does not disclose materially different embodiments of mounting members taking the form of a bracket. Here, there exist reasons supporting Plaintiffs' construction beyond the fact that the specification discloses only a single embodiment. The patentee uses language indicating an intention for the claims and the embodiment in the specification to be coextensive. *See SciMed Life Sys.*, 242 F.3d at 1341. According to the patentee, the cited Figure 3 is a depiction of the invention itself, not merely a depiction of one possible embodiment. In fact, Figure 3 is described as showing "a three-dimensional view of a mounting member *according to the present invention*[.]" '757 Patent at 5:20-21 (emphasis added). Similarly, Figures 2-5 are all said to show "…a mounting member *according to the present invention*[.]" *Id*. at 5:18-25 (emphasis added). Such language shows that the particular structure in the embodiment is representative of the scope of the invention, *i.e.*, a mounting member taking the form of a structure in the shape of an L adapted to support a load.

Defendant's argument that a POSITA or lay person would understand the claim language to be broad enough to encompass any shape that takes the form of a bracket, including a linear arrangement and any broad range of angles, is problematic and inconsistent. This interpretation of bracket is at odds with the specification. "The first 16 and second 18 portions are integrally formed, and are *obliquely angled*, typically at an *obtuse angle* relative to one another. The internal

6

angle there-between may be greater than 135° or 140° and in this example is approximately 160°." '757 Patent at 5:57-61 (emphasis added). "The angle between the first and second portions may be in the range of 120-180 degrees. This angle thereby provides a suitable angle for viewing an auxiliary screen, *e.g.* relative to a primary screen, when it is supported by a mounting member." *Id*. at 2:15-19. From this language, the patentee intended to define the shape of the bracket as two portions with an oblique internal angle, *i.e.*, L-shaped.[1] Such an L-shape makes sense as the optimal range of viewing angles for auxiliary screens relative to the primary screen in use, as the patent mentions.

Defendant's claim differentiation argument regarding an ear-like formation is a red herring. Contrary to Defendant's argument, there is no requirement that an L-shaped bracket must be 2 dimensional nor any suggestion that an L-shaped bracket cannot be in the form of an ear-like formation. For these reasons, "a bracket" should be given Plaintiffs' proposed construction.

### 3. "for engagement" (claim 11)

| Plaintiffs | Defendant |
|---|---|
| for interlocking or meshing under the action of friction and/or gravity in use | Plain and ordinary meaning, or "for connection" |

Defendant responds by focusing on the term "first portion *for engagement* with the portable computing device" as used in Claim 4, while Plaintiffs proposed the term "a recess or projection *for engagement* with a corresponding projection" for construction as used in Claim 11. Defendant's argument is understood as the proposition that "for engagement" should be given the same meaning across Claims 4 and 11. "[T]he principle that the same phrase in different claims of

---

[1] It is not Plaintiffs' position that L-shaped strictly means 90°, as Defendant purports, but rather that the phrase L-shaped is encompassing of the oblique angles disclosed in the specification and shown in the figures, and in line with the extrinsic evidence cited, as to be readily understood by a POSITA.

7

the same patent should have the same meaning is a strong one, *overcome only if it is clear that the same phrase has different meanings in different claims.*" *In re Varma*, 816 F.3d 1352, 1363 (Fed. Cir. 2016) (emphasis added). Here, the language of the claims and the specification provide the required basis for giving the term "for engagement" in Claim 11 a meaning different from the meaning of the same term in Claim 4.

As Defendant concedes, the term is used in reference to the engagement of different structures: Claim 4 in reference to the first portion of the bracket engaging with the portable computing device, while Claim 11 in reference to the recess of the second portion of the bracket engaging with the projection of the auxiliary screen. Plaintiffs agrees that "for engagement," as used in Claim 4, is entitled to a broad construction based on the specification regarding the engagement of the first portion of the bracket with the portable computing device.

However, the proposed construction of "for connection" is not supported by the language of Claim 11 nor disclosed in the specification regarding the engagement of the recess of the second portion of the bracket engaging with the projection of the auxiliary screen (*i.e.* a recess engaging with a projection.) The only disclosure of this type of engagement in the specification is a recess interlocking or meshing with a projection under the action of friction or gravity. "An auxiliary screen may be mounted relative to the primary screen of the portable computing device by engagement between the projection and the mounting member." '757 Patent at 4:50-52. "The screen receiving slot may be shaped so as to bear an auxiliary screen under the action of friction and/or gravity in use." *Id*. at 3:10-12.

The specification further provided clear evidence of the distinction of "for engagement" in Claim 4 and Claim 11 wherein in reference to the fitting of the mounting members with the primary screen, the patentee explicitly stated that "[t]he primary screen 62 is received within a channel with

8

a close fit, *but without any latching or engagement action* such that the mounting system is mechanically simple and cost effective." *Id*. at 8:67-9:3 (emphasis added). It is clear that the patentee explicitly intended, and a POSITA would understand, the first portion for engagement with the portable computing device as something different than the engagement between the recess and the projection. As such, "for engagement," as found in Claim 11, should be given Plaintiffs' proposed construction.

    B.    The '762 Patent Claim Terms

        1.    "engaged with and slidable / in sliding engagement"

| Plaintiffs | Defendant |
|---|---|
| interlocked or meshed with and capable of sliding | connected and slidable |

Defendant argues that the two terms "engaged with and slidable" and "in sliding engagement" are not coextensive yet offers the same "connected" construction for both despite the cited differences. Even so, simply inserting "connected" in the claims for "engaged with" would not aid the jury and is inconsistent with what is disclosed and enabled in the specification.

The specification makes clear that the patentee intended more than a mere connection when using the terms "engaged with" and "engagement" in both contexts. As tacitly admitted to by Defendant, Figure 8 and the specification depict and disclose *male* and *female* rails interlocking and meshing together via notches and guides. The use of interlocking male and female rails is critical to the claimed sliding engagement and the overarching utility, as explained in the specification: "The use of a combination of guides and complementary notches on rails 185 and 180 and similarly rails 195 and 190 allows for accurate sliding engagement of the two portions 170 and 175 of housing 130." '762 Patent at 3:54-57. If the rails are merely connected, and not interlocked, the sliding engagement would not operate accurately nor be slidable.

9

Finally, with respect to the boilerplate language of "the rail to rail engagement depicted is one example of an arrangement to enable expandability of housing 130 however any of a variety of other ways may be used without departing from the scope of the invention" as relied upon by Defendant, this language has no relevance to the actual claims that uses the limitations "slidable" and "in slidable engagement."  The claims do not recite some other type of "expandable[] housing" but only a slidable one.

       2.    *"coupled to"*

Plaintiffs can agree to dropping this term for construction.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' proposed claim constructions should be adopted and Defendant's proposed constructions rejected.

DATED: November 9, 2022                Respectfully submitted,

/s/ Hao Ni

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, Texas 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Hao Ni
Hao Ni